**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-01532-DME
Criminal Action No. 11-cr-00127-DME-02

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARIO HULLUM,

        Defendant

---

**AMENDED ORDER DENYING RELIEF UNDER 28 U.S.C. § 2255 (DOC. 161)**

---

On December 5, 2011, Mario Hullum was convicted of one count in a superseding indictment. That count included brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and aiding and abetting that underlying crime of violence, 18 U.S.C. § 2. The crime of violence was armed bank robbery as set forth at 18 U.S.C. § 2113(a) and (d). This Court sentenced Mr. Hullum to seven years' imprisonment, which is the mandatory minimum under the federal Gun Control Act, § 924(c)(1)(A)(ii). Today, Mr. Hullum moves for relief from that sentence under 28 U.S.C. § 2255 (Doc. 161). This Court DENIES the motion.

### I. BACKGROUND

Mr. Hullum was indicted in 2011 on two counts: (1) armed bank robbery, and aiding and abetting the same; and (2) brandishing a firearm during a crime of violence,

and aiding and abetting that crime of violence. Mr. Hullum pleaded guilty to the second count, which carried a mandatory minimum sentence of seven years' imprisonment. This Court then imposed that minimum required sentence.

## II.   DISCUSSION

Mr. Hullum moves to vacate his sentence on the grounds that his conviction was not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) *or* (B). A conviction for brandishing a firearm "during and in relation to any crime of violence" triggers a prison sentence of at least seven years. § 924(c)(1)(A)(ii). As relevant here, a "crime of violence" means a felony that meets either of two criteria, conventionally known as the physical-force clause and the risk-of-force clause. The first, set forth in subsection (A), deems an offense to be a crime of violence if it contains "as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" § 924(c)(3)(A). The second alternative definition, which appears in subsection (B), says that a crime of violence is an offense that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). If either of these is satisfied, the offense will trigger the mandatory minimum sentence.

Mr. Hullum makes two arguments for relief. First, he argues that the risk-of-force clause is now invalid after the Supreme Court's ruling that a similarly worded provision in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. See Johnson

2

v. United States, 135 S. Ct. 2551 (2015).  Second, he says his conviction was not a crime of violence under the physical-force clause because it did not contain as an element the use, attempted use, or threatened use of physical force against the person or property of another.  Before addressing these arguments, there is a threshold procedural issue of whether Mr. Hullum's motion is timely.  The government argues the motion is procedurally barred because it comes too late, and the Johnson decision does not extend the filing deadline because it did not address the right Mr. Hullum asserts here.  Even if not procedurally barred, says the government, then Mr. Hullum's conviction is still of crime of violence under the physical-force clause.

       The government's arguments are persuasive.  The motion is untimely—and even if not, it would fail on the merits because armed bank robbery is a "crime of violence."

       A.  Whether Mr. Hullum's § 2255 motion is untimely

       A § 2255 motion has a one-year filing deadline, which is measured from the latest of certain statutorily prescribed events.  28 U.S.C. § 2255(f).  As pertinent here, the motion must be filed either within one year after the judgment of conviction becomes final, § 2255(f)(1), or within one year after "the date on which the right asserted was initially recognized by the Supreme Court," provided that the new right has been made "retroactively applicable to cases on collateral review," § 2255(f)(3).  Mr. Hullum filed for relief on June 20, 2016.  That is more than three years after his conviction became final, so he missed the deadline under subsection (f)(1).  However, under subsection

(f)(3), he filed *less than* one year after the Supreme Court decided <u>United States v. Johnson</u>, which invalidated the so-called "residual clause" of the ACCA as unconstitutionally vague. 135 S. Ct. 2551 (2015).[1] The residual clause in the ACCA is similar, but not identical, to the risk-of-force clause in the Gun Control Act of 1968 which Mr. Hullum challenges today. So the question is whether Mr. Hullum can clear the procedural hurdle of § 2255(f)(3) based on <u>Johnson</u>, which does not squarely address the relief Mr. Hullum seeks.

The Supreme Court in <u>Johnson</u> voided part of 18 U.S.C. § 924(e)(2)(B)(ii) for vagueness. That provision defined "violent felony" to include any offense that "*involves conduct* that presents a *serious potential risk of physical injury* to another." <u>Id.</u> (emphasis added). This language required courts to apply an imprecise measurement of risk to a "judge-imagined abstraction" of what the "ordinary case" of a crime would look like. <u>Johnson</u>, 135 S. Ct. at 2557. The Court reasoned that, by using the phrase "*involves conduct*," the residual clause "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." <u>Id.</u> Moreover, the phrase "*serious potential risk of physical injury*" leaves "too much uncertainty about how much risk it takes for a crime to qualify as a violent felony." <u>Id.</u> When these two sources of indeterminacy are combined, there is "more unpredictability and arbitrariness than the Due Process Clause tolerates." <u>Id.</u> at 2558.

---

[1] The ruling in <u>Johnson</u> was thereafter made retroactively applicable to cases on collateral review in <u>Welch v. United States</u>, 136 S. Ct 1257 (2016).

The statute at issue today is slightly different.  The challenged risk-of force clause in § 924(c)(3)(B) defines a "crime of violence" to include any felony "that *by its nature*, involves a *substantial risk that physical force* against the person or property of another may be used in *the course of committing the offense*."  (Emphasis added).  There can be no doubt that this language shares a close kinship with the now-defunct residual clause in the ACCA. The Tenth Circuit has held that, under the double-indeterminacy rationale of Johnson, the risk-of-force clause in 18 U.S.C. § 16(b), which is phrased in identical terms to the risk-of-force clause in § 924(c)(3)(B), was unconstitutionally vague.[2]  See Golicov v. Lynch, 837 F.3d 1065, 1075 (10th Cir. 2016).  Thus, because the Tenth Circuit has already extended Johnson to § 16(b), this Court might have held on direct review that the risk-of-force clause under § 924(c)(3)(B) is also invalid.[3]

But in deciding if the § 2255 motion is time-barred, the question is not whether the court of appeals has recognized the right at issue, but instead whether the Supreme Court *itself* has done so.  See 28 U.S.C. § 2255(f)(3) (measuring the one-year deadline from "the date on which the right was initially recognized *by the Supreme Court*, if that right

---

[2] "Section 16(b) is the general definition for all federal statutes that lack a statute-specific definition for crime of violence."  United States v. Serafin, 562 F.3d 1105, 1108 n.4 (10th Cir. 2009).

[3] However, it is not clear that Golicov's § 16(b) ruling would compel such a conclusion. As the Sixth Circuit noted, even though § 16(b) and § 924(c)(3)(B) contain identical language, they are not the same.  See Shuti v. Lynch, 828 F.3d 440, 449 (6th Cir. 2016). While § 16(b) is unconstitutionally vague as the general catch-all definition for "crime of violence," the court said, § 924(c) is still valid because it proscribes an offense in which the "creation of risk is an element of the crime" itself.  Id.  That is, there is less indeterminacy about whether § 924(c) involves risk-creation because the offense describes the use or carrying of a firearm in furtherance of a crime.  Id.

has been newly recognized *by the Supreme Court . . .*" (emphasis added)); E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006) ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under [§ 2255(f)(3)]."); In re Arnick, 826 F.3d 787, 788 (5th Cir. 2016) (same). So the Tenth Circuit's extension of Johnson to § 16(b) is not determinative in this case.

The question is whether Mr. Hullum asserts the same right announced in Johnson with a different application, or instead an altogether new right not yet recognized by the Supreme Court. Under the Supreme Court's retroactivity analysis, a right is "new" if it is "not *dictated* by precedent." Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013). In other words, Mr. Hullum's § 2255 motion is time-barred unless Johnson actually compels or "dictates" the invalidation of the risk-of-force clause in § 924(c)(3)(B). A right is dictated by precedent only if it is "apparent to all reasonable jurists." Id. Even if the Tenth Circuit would hold that Johnson should be extended to § 924(c)(3)(B), which is not itself obvious even after holding § 16(b) to be unconstitutional, it is far from "apparent to all reasonable jurists" that § 924(c)(3)(B) falls within Johnson's ambit. In fact, four federal courts of appeals have expressly rejected vagueness arguments concerning § 924(c)(3)(B) after Johnson. See United States v. Prickett, 839 F.3d 697 (8th Cir. 2016) (per curiam); United States v. Hill, 832 F.3d 135, 150 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-76 (6th Cir. 2016); cf. United States v. Graham, 824 F.3d 421,

424 n.1 (4th Cir. 2016) (en banc) (holding the vagueness argument "would not survive plain error review" in light of contrary authority from sister circuits).[4]

In light of these cases, it cannot be said that <u>Johnson</u> "dictates" the right asserted by Mr. Hullum, for it is not "apparent to all reasonable jurists." <u>Chaidez</u>, 133 S. Ct. at 1107. Instead, Mr. Hullum seeks an altogether new right that the Supreme Court has not recognized. Because 28 U.S.C. § 2255(f)(3) contemplates a new right by the Supreme Court itself, and not any lower court, that provision is not available to Mr. Hullum. Thus, Mr. Hullum's motion is untimely because it is made more than one year after the date his conviction became final.

### B. <u>Whether Mr. Hullum's § 2255 motion fails because his conviction was still a "crime of violence" under the physical-force clause</u>

Even if Mr. Hullum's motion were timely filed, it would still fail because he committed a "crime of violence" under the physical-force clause in 18 U.S.C. § 924(c)(3)(A). That is, armed bank robbery contains an element involving the "use, attempted use, or threatened use of physical force against the person or property of another." <u>Id.</u> Mr. Hullum pleaded guilty to aiding and abetting a violation of § 2113(a) (setting forth the elements of bank robbery) and § 2113(d) (aggravation by assault or use

---

[4] These courts have refused to invalidate the risk-of-force clause in § 924(c) because, as even the Tenth Circuit recognized in <u>United States v. Serafin</u>, that clause is narrower in scope than the ACCA's residual clause. 562 F.3d 1105, 1108-09 (10th Cir. 2009). For example, the risk-of-force clause has an additional requirement that the risk of force arise "in the course of committing the offense," § 924(c)(3)(B), placing a temporal limitation on the potential for force that ACCA's residual clause does not have.

of a dangerous weapon)—together these are known as armed bank robbery. The question is whether armed bank robbery is categorically a "crime of violence" under the physical-force clause.

This issue calls for application of the categorical approach. Under that approach, this Court looks to the *elements* of the predicate conviction, rather than the *conduct* giving rise to that conviction. See, e.g., Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). If there is an element involving the "use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), then the conviction for that offense qualifies as a "crime of violence." When the statute is "divisible," i.e., when it sets out elements in the alternative, merely looking at the statute in the abstract will not reveal the elements under which the defendant was convicted. Descamps, 133 S. Ct. at 2281. In those circumstances, the Court looks to a "limited class of documents," including indictments and plea agreements, to ascertain which alternative elements formed the basis of the conviction. This is the so-called "modified" categorical approach—it allows the Court to look beyond the statute itself for the sole purpose of understanding which elements formed the basis of an offender's conviction.

The modified categorical approach applies here because, under the federal armed bank robbery statute, § 2113(a), there are two alternative versions of the offense. The first version requires proof of forceful or violent taking of property from the bank, while the second alternative version involves entry into a bank with intent to commit a bank-

affected felony or larceny therein.[5]  § 2113(a).  Looking to the indictment, (Doc. 80), and Mr. Hullum's plea agreement, (Doc. 86), it is clear that he was convicted of the first set of elements, i.e., forceful taking of property.[6]  Accordingly, we assess whether that version of the offense contains an element involving the "use, attempted use, or threatened use of physical force," § 924(c)(3)(A).  In doing so, this Court looks to the *least* of the acts criminalized by the pertinent version of the statute.  See, e.g., Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013).  That is, if this version of the armed bank robbery statute realistically reaches any conduct that does not involve physical force, then it is not a "crime of violence."

> The elements of armed bank robbery are:
>
>> (1) the defendant took, or attempted to take, money belonging to a bank . . . ; (2) by using force and violence, or intimidation; (3) the deposits of the institution were federally insured; and (4) in committing or attempting to commit the offense, the defendant assaulted any person, or put in jeopardy the life of any person by the use of a dangerous weapon or device.

United States v. Davis, 437 F.3d 989, 993 (10th Cir. 2006) (summarizing the elements of the first paragraph of § 2113(a) as well as subsection (d)).  Mr. Hullum makes several

---

[5] Because the Tenth Circuit pattern jury instructions do not charge these versions together, see Pattern Crim. Jury Instr. 10th Cir. 2.77 (2011), then these alternative sets of elements are not different "means" of committing the same offense, but alternative versions of the bank robbery statute.  Therefore, the modified categorical approach applies.  See Mathis v. United States, 136 S. Ct. 2243, 2256 (2016).

[6] Mr. Hullum argues that § 2113(a) can be satisfied merely by entering a bank with intent to commit a larceny under the second alternative version of the offense.  Even if that is true, Mr. Hullum was not convicted under that alternative version, so this Court will not address that argument.

arguments for why a conviction under these elements does not satisfy the "crime of violence" definition of § 924(c)(3)(A). None of them has merit.

First, Mr. Hullum contends that federal bank robbery does not meet the physical-force clause because it can be accomplished merely by attempt. See § 2113(a) ("takes, or attempts to take"). But the physical-force clause defines "crime of violence" to *include* "attempted use" of physical force, § 924(c)(3)(A), so bank robbery is not disqualified from the "crime of violence" definition on that basis.

Second, Mr. Hullum argues that bank robbery can be satisfied merely by intimidation, which does not meet the physical-force clause. See § 2113(a) ("by force and violence, or by intimidation"). But other federal courts of appeals have reached the contrary conclusion because "intimidation" in the bank robbery statute involves the "*threatened* use of physical force" under the physical-force clause. See United States v. McNeal, 818 F.3d 141, 154 (4th Cir. 2016) (finding that intimidation in the bank robbery statute satisfied the physical-force clause in § 924(c)(3)(A)); Johnson v. United States, 779 F.3d 125, 128-29 (2d Cir. 2015) (same); cf. United States v. Jones, 932 F.2d 625, 625 (7th Cir. 1991) (finding that intimidation satisfied the physical-force clause of the similarly worded USSG § 4B1.2); United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) (same). This Court sees no reason to part ways from these persuasive authorities.

Third, Mr. Hullum suggests that the force required for armed bank robbery can be accomplished without satisfying the "physical force" definition in § 924(c)(3)(A). He cites United States v. Rodriguez-Enriquez for the proposition that non-kinetic force (e.g.,

10

drugging or poisoning a victim) does not meet the physical-force clause. 518 F.3d 1191, 1194 (10th Cir. 2008). The argument is that armed bank robbery can be committed merely by poisoning a victim or releasing tear gas in the bank, which would not be "physical force" under Rodriguez-Enriquez. Even if that were true,[7] the categorical approach requires more than the "application of legal imagination" to the statutory language. See, e.g., Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007). There must be "a realistic probability, not a theoretical possibility" that the statute here would be applied to the offender's proposed hypothetical, or that such a situation would even occur. See id. Under that standard, Mr. Hullum's poison or tear gas theory does not survive.

Fourth, even if armed bank robbery itself were a "crime of violence," Mr. Hullum was not convicted of that crime—he was instead convicted of (1) aiding and abetting the armed bank robbery, and (2) brandishing a firearm in furtherance of the armed bank robbery. A person is liable for aiding and abetting a crime if he "takes an affirmative act in furtherance of that offense, . . . with the intent of facilitating the offense's commission." Rosemond v. United States, 134 S. Ct. 1240, 1245 (2014). Mr. Hullum

---

[7] There is some doubt about Mr. Hullum's premise. After Rodriquez-Enriquez, the Supreme Court defined "physical force" in an identically worded provision of the ACCA to mean force "exerted by and through concrete bodies." Johnson v. United States, 559 U.S. 133, 138 (2010). The Supreme Court's discussion suggests a broader meaning than the one articulated in the Tenth Circuit's earlier Rodriquez-Enriquez decision. And in United States v. Castleman, 134 S. Ct. 1405, 1414 (2014), the Supreme Court relied on that broader understanding of physical force to reject the notion that "deceiving the victim into drinking a poisoned beverage" was not physical force under a similarly worded statute.

argues that a person can undertake an "affirmative act in furtherance" of a crime of violence without himself committing any discrete act of physical force.

But there are several problems with this argument. First, federal aiding-and-abetting law treats the defendant as if he completed the principal offense. Id. at 1246 ("[W]here several acts constituted together one crime, if each was separately performed by a different individual, . . . all were principals as to the whole."); 18 U.S.C. § 2(a) (A person who furthers the commission of a federal offense "is punishable as a principal."). Second, Mr. Hullum's conviction for brandishing a firearm in furtherance of a crime of violence, § 924(c)(1)(A)(ii), requires proof that the underlying offense—here, armed bank robbery—and its component elements were actually committed. See United States v. Rentz, 777 F.3d 1105, 1107 (10th Cir. 2015) (acknowledging that the Tenth Circuit "and virtually every other has held that for each separate § 924(c)(1)(A) charge it pursues the government *must prove* a separate *crime of violence*" (emphasis added)). So a conviction for § 924(c) necessarily means that the underlying offense occurred, and that defendant used a firearm in the furtherance of that crime. Third, because an aider-and-abettor must act in furtherance of a crime with the intent to bring about the whole crime, including all of its elements, Rosemond, 134 S. Ct. at 1248 (noting that the "intent must go to the specific and entire crime charged"), then aiding and abetting would satisfy § 924(c)(3)(A) because it involves the "*attempted* use . . . of physical force," (emphasis added). For these reasons, it makes no difference that Mr. Hullum was not actually convicted of the underlying armed bank robbery offense. The armed bank robbery during

which he brandished a firearm, and which he aided and abetted, was a "crime of violence" under the physical-force clause.

### III.    CONCLUSION

This Court DENIES Mr. Hullum's motion for relief from his sentence of imprisonment under 28 U.S.C. § 2255 (Doc. 161).

Dated this   9th   day of   December  , 2016.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE
DISTRICT OF COLORADO